## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

SHERMAN COTTON, as Independent )
Executor of the Estate of Loy E. King, Jr. )
and Trustee of the Loy E. King, Jr. Living )
Trust, as amended, )
        Plaintiff, )   No. 01 C 1099
         )
vs. )   Judge Ronald Guzman
         )   Magistrate Judge Denlow
PRIVATEBANK AND TRUST )
COMPANY, an Illinois Corporation, et al., )
        Defendants, )
         )
vs. )
         )
CREWS & ASSOCIATES, INC., an )
Arkansas Corporation, et al., )
        Third-Party Defendants. )

### NOTICE OF MOTION

TO:    See attached Service List

PLEASE TAKE NOTICE that on Tuesday, April 20, 2004, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Ronald Guzman, or any judge sitting in his stead, in the United States District Court for the Northern District of Illinois, Eastern Division, in the courtroom usually occupied by him and then and there present Joint Motion for "Good Faith" Settlement Finding Under the Illinois Joint Tortfeasor Contribution Act and Dismissal, a copy of which is herewith served upon you.

LEWIS RICE & FINGERSH, LC

By: _____
      One Of Its Attorneys

Jeffrey D. Colman
David Jiménez-Ekman
Gregory M. Boyle
Thomas P. Monroe
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
Ph: (312) 222-9350
Fax: (312) 840-7651

Dated: April 16, 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERMAN COTTON, as Independent Executor of the Estate of Loy E. King, Jr. and Trustee of the Loy E. King, Jr. Living Trust, as amended,<br>　　　　Plaintiff,<br><br>vs.<br><br>PRIVATEBANK AND TRUST COMPANY, an Illinois Corporation, et al.,<br>　　　　Defendants,<br><br>vs.<br><br>CREWS & ASSOCIATES, INC., an Arkansas Corporation, et al.,<br>　　　　Third-Party Defendants. | No. 01 C 1099<br><br>Judge Ronald Guzman<br>Magistrate Judge Denlow |

## JOINT MOTION FOR "GOOD FAITH" SETTLEMENT FINDING UNDER THE ILLINOIS JOINT TORTFEASOR CONTRIBUTION ACT AND DISMISSAL WITH PREJUDICE

Defendant Lewis, Rice & Fingersh, L.C. ("Lewis Rice"), and plaintiff Sherman Cotton, as Independent Executor of the Estate of Loy E. King, Jr. and Trustee of the Loy E. King, Jr. Living Trust, as amended ("Plaintiff"), respectfully move this Court under Section 2(c) of the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et. seq* (the "Act"), for the entry of an order (1) containing a finding that the Settlement Agreement between Plaintiff and Lewis Rice, substantially in the form attached hereto as Exhibit A, was entered into in good faith within the meaning of Section 2(c) of the Act, (2) dismissing with prejudice the claims and complaints of Plaintiff against Lewis Rice in this action, and (3) dismissing with prejudice all contribution claims, and other third-party claims or counterclaims against Lewis Rice. In support of this Joint Motion, Lewis Rice and Plaintiff state:

1. In this action, Plaintiff alleges certain claims against Lewis Rice purportedly arising out of the provision by Lewis Rice of legal services to certain persons and/or entities other than Plaintiff.

2. Lewis Rice contends that it has complete and meritorious procedural and substantive defenses to the claims asserted by Plaintiff, including without limitation, the statutes of limitations and/or repose; Lewis Rice's qualified privilege to provide legal services and the absence of any evidence of actual malice or other wrongful conduct by Lewis Rice; the lack of any evidence that Lewis Rice engaged in conduct constituting certain elements of Plaintiff's causes of action; and the lack of proximate cause in that there were other, superceding causes of Plaintiff's alleged damages. As a result of these procedural and substantive defenses, Lewis Rice contends that it has no liability to Plaintiff and will not be subject to a damages judgment.

3. Plaintiff contends that Plaintiff will overcome Lewis Rice's defenses and obtain a verdict in the amount of the *ad damnum* against Lewis Rice.

4. Over a period of several months, counsel for Plaintiff and counsel for Lewis Rice have engaged in extensive settlement discussions. Those discussions have involved evaluations of the merits of various claims and defenses and have been conducted "at arms length" in that the Plaintiff and Lewis Rice were wholly directly adverse during those discussions – there was no affiliation, collusion or collective action between Plaintiff and Lewis Rice at any time during those settlement discussions.

5. As a result of those extensive arms-length discussions, Plaintiffs and Lewis Rice have reached a written settlement agreement (the "Settlement Agreement") in the form attached hereto as Exhibit A. A copy of Plaintiff's executed Settlement Agreement will be supplied at the hearing of this matter as Exhibit B. The principal terms of the settlement involve

Lewis Rice providing substantial monetary consideration of $350,000 to Plaintiff, in exchange for a release of all liability and a stipulation of dismissal with prejudice and at his costs from Plaintiff. All of the remaining terms of the Settlement Agreement are disclosed in the attached Exhibit A.

6. As a result of their independent evaluation and analysis, both Lewis Rice and Plaintiff have separately determined that the terms of the Settlement Agreement represent a fair compromise and settlement of disputed claims taking into account, among other things, the strengths and weaknesses of each party's claims and defenses, the relative culpability and ability to pay of other potential tortfeasor defendants, and the risk and expense inherent in all litigation.

7. Section 2(c) of the Joint Tortfeasor Contribution Act (740 ILCS 100/2(c)) provides:

> "When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, with whichever is greater."

8. Based on the totality of the circumstances, the Settlement Agreement between Plaintiff and Lewis Rice is "given in good faith" within the meaning of Section 2(c) because it is an exchange of a release and covenant not to sue for substantial consideration after arms-length negotiations, and the Settlement Agreement is not the result of collusion, fraud, wrongful conduct, or any other circumstance involving bad faith. See, e.g., Johnson v. United Airlines, 203 Ill. 2d 121, 784 N.E.2d 812 (2003). The Settlement Agreement also furthers the purposes of the Act because it facilitates the settlement of disputed claims, and equitably apportions damages among potentially culpable tortfeasors. Id.

9. Counsel for Lewis Rice has spoken with David Doyle, counsel for PrivateBank, and Stephen Jones, counsel for Crews. Lewis Rice's counsel described generally to those attorneys the terms of the settlement, including that Lewis Rice will pay $350,000, and informed them of the relief requested in this motion. Counsel for PrivateBank and Crews stated that they had no objection to the relief requested in this motion.

10. Lewis Rice's counsel has left a message for John Scholnick, CIBC's lead counsel, describing the settlement and informing him that Lewis Rice intends to file this motion. However, Lewis Rice's counsel has not been able to speak with Mr. Scholnick directly to confirm whether CIBC would state that it does not object to the relief requested in this motion.

WHEREFORE, Defendant Lewis, Rice & Fingersh, L.C., and Plaintiff Sherman Cotton, respectfully request that this Court enter an order under Section 2(c) of the Act containing a finding that the Settlement Agreement was entered into in good faith within the meaning of Section 2(c) of the Act, dismissing all contribution claims and other third-party claims and counterclaims brought by other Defendants against Lewis Rice in this action, and

dismissing the claims of Plaintiffs against Lewis Rice in this action. For the Court's convenience, a draft order is attached to this motion as Exhibit C.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| SHERMAN COTTON, as Independent Executor of the Estate of Loy E. King, Jr. and Trustee of the Loy E. King, Jr. Living Trust, as amended  *and by permission* | LEWIS, RICE & FINGERSH, L.C. |
| BY: *[signature]* <br> Terrence E. Leonard <br> TERRENCE E. LEONARD, CHARTERED <br> 100 West Monroe Street <br> Suite 1310 <br> Chicago, Illinois 60603 <br> (312) 263-4604 | BY: *[signature]* <br> Jeffrey D. Colman, <br> David Jimenez-Ekman <br> Gregory M. Boyle <br> Thomas P. Monroe <br> JENNER & BLOCK LLP <br> 330 North Wabash <br> Chicago, IL 60611-7603 <br> (312) 222-9350 |
| David M. Allen <br> Jeffrey Schiller <br> SCHUYLER, ROCHE & ZWIRNER <br> 130 East Randolph Drive <br> Suite 3800 <br> Chicago, Illinois 60601 <br> (312) 565-2400 | Attorneys For: <br> LEWIS, RICE & FINGERSH, L.C. |
| Attorneys For: <br> SHERMAN COTTON, as Independent Executor of the Estate of Loy E. King, Jr. and Trustee of the Loy E. King, Jr. Living Trust, as amended | |

Dated: April 16, 2004

1070922

*See Case File For Exhibits*

Case: 1:01-cv-01099 Document #: 316 Filed: 04/16/04 Page 8 of 8 PageID #:2951